SUMMONS ISSUED

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

2012 MAY -8  PM 1: 40

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

OCTAVIO HERNANDEZ

**COMPLAINT**

Plaintiffs,

JURY TRIAL DEMANDED

CITY OF NEW YORK,
NYC HEALTH & HOSPITALS
CORPORATION, ANTHONY PADILLA
JOHN AND JANE DOES ## 1-5,

**CV 12 -  2270**

CV 12

Defendants.

GLASSER, J.

-----------------------------------------------------------X

POHORELSKY, M.J.

NATURE OF ACTION

1.      This action is brought by Plaintiff to recover damages for excessive use of force, false

arrest and malicious prosecution.

THE PARTIES

2.      Plaintiff is a resident of Elmhurst, New York.

3.      Upon information and belief each of, Padilla and John and Jane Does ## 1-15 are

residents of one of the following counties: Kings, Queens, Richmond, Nassau or Suffolk.

4._     The City of New York is a municipal corporation whose residence is in all five counties

of New York City and is deemed to reside in Brooklyn Queens and Staten Island per 28 U.S.C. §

1391(c).

JURISDICTION AND VENUE

6.      Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises

under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

7.      Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City

of New York is deemed to reside in this jurisdiction.

1

which got all over his hair and clothes

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

8.    On or about February 17, 2012 at about 12:30 PM, plaintiff was observing all laws at a saloon of sorts known as the The Patriot, 110 Chambers Street, New York, New York.

9.    Plaintiff had been drinking and was relaxed and doing nothing wrong. Suddenly about 4 police officers arrived on the scene, one of whom yelled, "OK everybody's gotta leave."

10.    Since plaintiff knew the bar didn't close at 12:30, and since he had the right to inquire as to why he was being asked to leave, plaintiff stated, "Why the fuck do we have to leave? I'm all set up here." Plaintiff motioned to a pitcher of beer he had purchased and was consuming.

11.    At that point one of the officers, all of whom were Caucasian, violently maced plaintiff in a direct stream to plaintiff's face for several seconds, causing extreme pain.

12.    The other officers joined in and started beating plaintiff up, causing deeply colored bruising and pain. Evidence of the beating injuries are attached hereto after the mace was flushed from plaintiff's eyes.

13.    Plaintiff was arrested and taken to the hospital, where he was treated and released for his injuries. He could have lost his vision or had it severely impaired, but the attendants on duty did an excellent job.

14.    The aftercare was not so good. While at the Patriot, plaintiff had removed a jacket and put it on the back of his chair. After he was maced, he was taken to the hospital without the sweater, and in order to get the mace out of his eyes, he was thoroughly doused with water, which got all over his hair and clothes.

15.    It was an evening the verged on freezing and plaintiff's jacket had been left at Patriots. His shirt was wet as a result of the emergency room washing out the mace, and as he sat in the

2

waiting room, defendant Padilla or some other person came over and told him to leave. Plaintiff

asked to stay until it the shirt dried or be given a jacket or a blanket to go outside.

16.     Padilla and a few others conferred about what to do, and they decided they had the

arbitrary right to discharge a dripping wet man into the freezing cold.

17.     Plaintiff refused this, and Padilla gave him a ticket for trespassing and ejected him from

the hospital. He was lucky to make it to a men's shelter around the corner, where he stayed the

night.

18.     All charges were dismissed against plaintiff on 5/2/12. Plaintiff now sues for redress.

FIRST CAUSE OF ACTION
EXCESSIVE USE OF FORCE
42 U.S.C. § 1983

19.     Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

20.     Acting under color of state law, defendants used excessive force that caused damages.

21.     As a result of the foregoing, Plaintiffs has been damaged and demands compensatory and

punitive relief.

SECOND CAUSE OF ACTION
FAILURE TO PROTECT PLAINTIFFS' RIGHTS
42 U.S.C. § 1983

22.     Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

23.     Defendants had a duty to intercede and prevent the illegal stop, search and arrest of

Plaintiff, but failed to do so.

24.     As a result of the foregoing, Plaintiffs have been damaged and demand compensatory and

punitive relief.

THIRD CAUSE OF ACTION
FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE
UNDER MONNELL AND 42 U.S.C. § 1983
AGAINST THE CITY OF NEW YORK

25.         Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

26.         At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

27.         Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from excessive use of force;

28.         The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

29.         As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

FOURTH CAUSE OF ACTION
MALICIOUS PROSECUTION
42 U.S.C. § 1983

30.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

31.    Acting under color of state law, defendants brought charges against plaintiff without probable cause and plaintiff had to return to court twice before the charges were dismissed in his favor.

32.    As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

**FIFTH CAUSE OF ACTION**
**RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS**
**42 U.S.C. § 1983**

33.    Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

34.    Acting under color of state law, defendants assaulted plaintiff because plaintiff made a statement completely within his first amendment right, namely to ask – even if in a profane manner – why he had to leave a bar after he had purchased a pitcher of beer for himself.

35.    As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

**SIXTH CAUSE OF ACTION**
**BATTERY**

36.    Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.    Defendants intentionally engaged in bodily contact with plaintiff, and such contact was harmful or offensive in nature.

38.    By virtue of the foregoing, Plaintiff has been damaged.

**SEVENTH CAUSE OF ACTION**
**ASSAULT**

39.    Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

40.    Defendants intentionally placed plaintiff in apprehension of immediate battery.

41.    By virtue of the foregoing, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

        A.      Compensatory damages;

        B.      Punitive damages to be determined by the trier of fact;

        C.      Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

        D.      Such other relief as the Court may deem just and proper.

Dated:      New York, New York
              May 2, 2012

                                    GREGORY ANTOLLINO (GA 5950)
                                    Attorney for Plaintiff
                                    18 West 21st Street #802
                                    New York, NY 10010
                                    (212) 334-7397



